USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6|4|10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

   - against -

YOSANDY PERALTA, A/K/A
"YOSANDY ANTONIO PERALTA-VICTORIO,"
"YOSANDY PERALTA-VICTORIO,"
"YANTONIO PERALTA-VICTORIO,"
"YOSANDY PERALTA VICTORIO,"
"ANTONIO PERALTA VICTORIO,"
"YOSANDY MONCION,"

              Defendant.

------------------------------------X

09 Cr. 942 (RWS)

SENTENCING OPINION

**Sweet, D.J.**

      On November 9, 2009, Yosandy Antonio Peralta, a/k/a "Yosandy Antonio Peralta-Victorio," a/k/a "Yosandy Peralta-Victorio," a/k/a "Yantonio Peralta-Victorio," a/k/a "Yosandy Peralta Victorio," a/k/a "Antonio Peralta Victorio," a/k/a "Yosandy Moncion," ("Peralta" or "Defendant") pleaded guilty to one count of unlawfully entering the United States, in violation of 8 U.S.C. § 1326(a) & (b)(2), after having been removed from the United States on March 12, 2003.  For the reasons set forth below, Peralta will be sentenced to 27 months' imprisonment to be followed by three years' supervised release.  Peralta will

also be required to pay a special assessment of $100.

**Prior Proceedings**

On October 2, 2009, Indictment 09 CR 945 (RWS) was filed in the Southern District of New York.  Count 1 charges that from June 2009 until August 12, 2009, Peralta, being an alien, after having been removed from the United States on March 12, 2003, unlawfully entered and was found in the United States, in the Southern District of New York, in violation of 8 U.S.C. § 1326(a) & (b)(2), and did so subsequent to a prior conviction for conspiracy to distribute and possess with intent to distribute heroin.

On November 9, 2009, Peralta appeared before the Honorable Ronald L. Ellis in the Southern District of New York and allocuted to Count 1 without benefit of a plea agreement.

On June 1, 2010, the Court received a letter from counsel for Peralta requesting the imposition of a sentence below the minimum set forth in the advisory Sentencing Guidelines (the "Guidelines") established by the United States Sentencing Commission.

Peralta's sentencing is currently scheduled for June 8, 2010.

## The Sentencing Framework

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Guidelines.   Thus, the sentence to be imposed here is the result of a consideration of:

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed —

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)   to afford adequate deterrence to criminal conduct;

(C)   to protect the public from further crimes of the defendant; and

(D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3)  the kinds of sentences available;

    (4)  the kinds of sentence and the sentencing range established for —

        (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

    (5)  any pertinent policy statement . . . [issued by the Sentencing Commission];

    (6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7)  the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a non-Guidelines sentence is warranted in the instant case.

4

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Peralta's personal and family history, with additional facts drawn from the June 1 letter from Peralta's counsel.

**The Offense Conduct**

The following description draws from the PSR. The specific facts of the underlying conduct are adopted as set forth in that report.

On August 12, 2009, Peralta was arrested in Suffolk County, New York. ICE authorities were notified of Peralta's arrest and an investigation ensued.

ICE authorities discovered that Peralta is a citizen of the Dominican Republic and has never been a citizen of the United States. Peralta was convicted of an aggravated felony on January 11, 2000, in the U.S. District Court in the Eastern District of Pennsylvania (Conspiracy to Distribute and Possess

with Intent to Distribute Heroin).   On March 12, 2003, Peralta
was deported to the Dominican Republic.

On   September   19,   2009,   Peralta   admitted   to   ICE
authorities  that  he  entered  the  United  States  in  June  2009
through  JFK  airport.     From  the  airport,  Peralta  went  to
Manhattan, New York, to live with an uncle for two weeks.

Peralta  never  applied  for  or  received  permission  to
re-enter  the  United  States.     According  to  Peralta,  he  returned
to  the  United  States  to  see  his  eleven  year  old  daughter,  whom
he had not seen since he was deported in 2003.

According to the Government, no obstruction of justice
adjustment is warranted.

## The Relevant Statutory Provisions

Pursuant  to  8  U.S.C.  § 1326,  the  maximum  term  of
imprisonment is 20 years.

If  a  term  of  imprisonment  is  imposed,  a  term  of
supervised  release  of  not  more  than  three  years  may  be  imposed,

6

pursuant to 18 U.S.C. § 3583(b)(2).

Defendant is eligible for not less than one nor more than five years' probation, pursuant to 18 U.S.C. § 3561(c)(1).

The maximum fine that may be imposed is $250,000, pursuant to 18 U.S.C. § 3571.  A special assessment of $100 is mandatory, pursuant to 18 U.S.C. § 3013.

**The Guidelines**

The November 1, 2009 edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to § 1B1.11(a).  The Court finds the following with respect to Defendant's applicable offense level, criminal history, recognition of responsibility, and term of imprisonment:

The guideline for the violation of 8 U.S.C. § 1326 is found in § 2L1.2.  Defendant illegally entered the United States in June 2009, after having been deported in 2003.  The base offense level for the instant offense is therefore 8, pursuant to § 2L1.2(a).

7

Since Peralta was previously deported following a conviction for a drug trafficking offense for which the sentence imposed exceeded 13 months, a 16-level increase is warranted, pursuant to § 2L1.2(b)(1)(A)(i).

Based on his plea allocution, Defendant has shown recognition of his responsibility for the offense. Pursuant to § 3E1.1(a), the offense is reduced two levels. Furthermore, an additional one-level reduction is warranted, pursuant to § 3E1.1(b), because Defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Accordingly, the applicable offense level is 21.

On June 1, 1999, Peralta was arrested and charged with Conspiracy to Distribute and Possess with Intent to Distribute Heroin.   On July 26, 2001, Peralta was sentenced in the U.S. District Court for the Eastern District of Pennsylvania to 51 months' imprisonment.   Pursuant to §§ 4A1.1(a) and 4A1.2(e)(1), this conviction warrants three criminal history points.

8

A total of three criminal history points establishes a Criminal History Category of II, pursuant to the table at Chapter 5, Part A, of the Guidelines.

Based on a total offense level of 21 and a Criminal History Category of II, the Guidelines range for imprisonment is 41 to 51 months.

The Guidelines range for a term of supervised release is two to three years, pursuant to § 5D1.2(a)(2).

Because the applicable Guidelines range is in Zone D of the Sentencing Table, Defendant is not eligible for probation, pursuant to § 5B1.1, Application Note 2.

The fine range for the instant offense is $7,500 to $75,000, pursuant to § 5E1.2(c)(3)(A). Subject to Defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release pursuant to § 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $2,157.88 to be used

9

for imprisonment, a monthly cost of $311.94 for supervision, and
a monthly cost of $1,990.13 for community confinement.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court
also gives due consideration to the remaining factors identified
in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not
greater than necessary," as is required by the Supreme Court's
decision in Booker, 543 U.S. 220, and the Second Circuit's
decision in Crosby, 397 F.3d 103.  Upon consideration of all of
the relevant factors, it is concluded that the imposition of a
non-Guidelines sentence is warranted.

Section 3553(a)(6) instructs the Court to consider
"the need to avoid unwarranted sentence disparities among
defendants with similar records who have been found guilty of
similar conduct."  18 U.S.C. § 3553(a)(6).  This Court and many
other courts have recognized the unwarranted sentencing
disparities that result from so-called "fast track" programs for
dealing with illegal reentry cases.  See, e.g., United States v.
Santos, 406 F. Supp. 2d 320, 326-27 (S.D.N.Y. 2005); United
States v. Bonnet-Grullon, 53 F. Supp. 2d 430, 435 (S.D.N.Y.

10

1999) (noting that "it is difficult to imagine a sentencing disparity less warranted than one which depends upon the accident of the judicial district in which the defendant happens to be arrested"), aff'd, 212 F.3d 692 (2d Cir. 2000); United States v. Vernal Mark Deans, No. 03 Cr. 387 (KMW) (imposing non-Guidelines sentence based upon the unwarranted sentencing disparity in illegal reentry cases); see also United States v. Galvez-Barrios, 355 F. Supp. 2d 958, 963 (E.D. Wis. 2005).

In "fast track" jurisdictions, § 5K3.1 of the Guidelines permits, upon Government motion, a departure of up to four levels pursuant to "an early disposition program." Because New York is not a "fast track" jurisdiction, the imposition of a sentence within the Guidelines range here would create an unwarranted sentencing disparity between Peralta's sentence and the sentences imposed on defendants in "fast track" jurisdictions.

**The Sentence**

Based upon estimates that the average "fast track" sentence is reduced by four levels, see Santos, 406 F. Supp. 2d at 329, Peralta's offense level is decreased from 21 to 17. A

11

total offense level of 17 and a Criminal History Category of II results in a Guidelines range for imprisonment of 27 to 33 months.

For the instant offense, Peralta will be sentenced to 27 months' imprisonment and 3 years' supervised release.

Peralta is directed to report to the nearest United States Probation Office within seventy-two hours of release to commence his term of supervised release.  It is recommended that Peralta be supervised by the district of his residence.

As mandatory conditions of his supervised release, Peralta shall:   (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; and (4) cooperate in the collection of DNA as directed by the probation officer.   The mandatory drug testing condition is suspended based on the Court's determination that Defendant poses a low risk of future substance abuse.

Furthermore, the standard conditions of supervision (1-13), set forth in the judgment, shall be imposed with the

12

additional special conditions:

(1) Defendant shall obey the immigration laws and comply with the directives of immigration authorities.

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), it does not appear that the Defendant is able to pay a fine, and so the fine in this case shall be waived. A special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

The terms of this sentence are subject to modification at the sentencing hearing scheduled for June 8, 2010.

It is so ordered.

New York, NY
June  3  , 2010

ROBERT W. SWEET
U.S.D.J.

13